My name is Ji Xianli. I'm representing petitioner. May the police court. In this case, the BIA adopted the immigration judge's decision in denying petitioner's application for asylum and withholding of removal. Almost exclusively because petitioner indicated to the immigration judge that he planned to return to China to marry his fiancée after he has his status. The IJ and then the BIA made an inference from that statement by petitioner that petitioner is willing to return to China. On account of one of the five protected grounds. The IJ and the BIA are wrong on this issue. Petitioner risked his life, went from Saipan to Guam to seek asylum in the United States. That's an indication of his unwillingness to return to China. Now, after IJ denied his application for asylum and withholding of removal, petitioner decided to appeal to the BIA from the IJ's denial. Now, the very fact I'm standing here before this panel arguing for reversal of the BIA's decision is yet another indication of petitioner's unwillingness to return to China. Now, let's assume for the sake of argument that the BIA is correct in finding that petitioner is willing to return to China. Yet, petitioner still can establish he is eligible for asylum by showing that he is unable to return to China because of persecution or founded fear of persecution. Because the law defining refugee says clearly, refugee is defined as a person who is unable or unwilling to return to his home country because of persecution or well-founded fear of persecution. Now, the record supports petitioner's position that he is unable to return to China because of persecution or well-founded fear of persecution. On page 76 of administrative record, when he was asked, what do you think will happen to you if you went back to China? Answered by petitioner, if I were sent right now, yes, petitioner, definitely I have to go and be put in jail as to how many years they will want me to stay, I don't know. So therefore, petitioner shows by his credible testimony that he cannot go back to China without being arrested. So the omission on the part of BIA in addressing whether or not petitioner is able to return to China because of fear of future persecution warrants a grant of petition in this case. Now, again, for the sake of argument, assuming that BIA is correct in finding that petitioner does not qualify as refugee because of the way that refugee is defined, then the question still remains that the petitioner can establish he is eligible for withholding of removal because the IJ clearly made a finding that the petitioner is a victim of past persecution. So by virtue of IJ's debt finding, the BIA has not disturbed IJ's debt finding, petitioner is entitled to withholding to a presumption of he is presumed to be eligible for withholding of removal. But that presumption can be rebutted, but the burden is on the government's side to rebut that presumption, and the record does not show the government even made an effort to rebut that presumption. But counsel, we would have to remand it because that was not done. So if we agree with you, then we would have to remand for the IJ or the BIA to consider whether or not the presumption could be rebutted. Your Honor, because the issue before this court is whether or not the BIA has erred in finding that petitioner has failed in carrying his burden of proof, showing that he is eligible for asylum and withholding of removal. So this is just one more reason to show that the BIA erred. So the issue has already been… If we agree with you, though, but the BIA, if we agree with you because the BIA never reached the issue because they said he wasn't entitled to withholding. So if we now say he's entitled to withholding, don't we have to send it back so the BIA can see if the presumption is rebutted? Because that was never done. And I think the Supreme Court in INS v. Ventura tells us we can't make that ruling for the first time. Exactly, Your Honor. But that's because in the case of Ventura, it's because this court reversed BIA on the issue of credibility. The BIA has not reached the issue on whether or not petitioner is eligible for asylum, has made his burden of proof, showing that he's eligible for asylum or withholding. But in this case, the BIA has already addressed whether or not petitioner has met his burden of proof, showing that he's eligible for asylum or withholding. It didn't address the issue of whether or not the presumption could be rebutted because it never got there.  But I don't think the BIA should get a second chance to address exactly the same issue that the BIA has done before incorrectly. So therefore, this case definitely is distinguishable from Ventura. So in this case, probably the best remedy should be to remand this case and make it with the instruction that the respondent has shown, based upon the IJS finding that he's a victim of past persecution, the petitioner is eligible for asylum and withholding. So the case should be remanded to the BIA to exercise discretion in whether or not a respondent's asylum should be granted. Thank you, counsel. We'll save the remaining time for rebuttal. If it may please the court, Anthony Payne, on behalf of the United States Attorney General. The Board of Immigration Appeals in this case found that Mr. Lynn failed to establish his eligibility for asylum because he failed to establish that he is a refugee. That is the only argument that Mr. Lynn raised to the board in his brief to the board. The board only had to address whether, pursuant to the statute, Mr. Lynn met the definition of a refugee. Substantial evidence supports the board's decision that Mr. Lynn failed to show he was unable or unwilling to return to China. Specifically, on page 92 of the record, Mr. Lynn said as soon as he received asylum, he was returning to China to either visit his fiancée or to live with his fiancée. In other words, he simply wanted status in the United States. Congress did not intend neither asylum nor withholding to allow an alien to attain status. Rather, Congress intended to protect refugees and individuals who had a clear probability of persecution in their host country. So what do we do again with the testimony from Petitioner that if he returned to China, he would be put into prison? How does that figure into the equation? Well, the question is whether or not substantial evidence supports that finding of the board that he was unwilling. The government submits that his testimony on page 76, that he fears prison, does not necessarily show he was unwilling to return to China. How about the unable? Unable is evidenced by the fact that he initially left China in, I believe, 1992 for Saipan. He revisited China five times over that period until February of 1998 when he went back to Saipan. So he was able, clearly, to go back to China five times after he initially left in 1992. That shows his ability to go to China. His willingness is a fact of his testimony that he would go back. Well, don't we have to consider the testimony in the context where he says, I don't want to go back. That's why I'm here. Let me try a couple of hypotheticals. Supposing the question was, if this communist regime in China disappears, would you go back to China? And he says, yes. Does that show that he is willing to go back to China? It's a hypothetical, isn't it? It's a possibility, but supposing he said yes to that, would you say he isn't qualified? If he said yes, he would go back to China. If the communists were wiped out? Yes, he would not qualify for asylum. Arguably, he would qualify for withholding. My goodness, you would only take that position seriously? Absolutely. I'd go back if the communists were... That is why there is withholding and that is why there is asylum. I can't believe you, but let me just ask you another one on the same line. Supposing he said, when I become an American citizen, I'll go back as an American citizen, he wouldn't qualify? For asylum? No, Your Honor, he would... I just can't believe you... Nor would he qualify for withholding.  Nor would he qualify for withholding. Don't you realize how strange your answers sound? Well, that is what Congress intended and that is what Congress wrote in the INA, Your Honor. Your dispute is absolutely incredible. You're standing here representing the United States and make those statements. Your dispute is not with me. Your dispute is with Congress. Oh. That is what Congress intended. Congress expects its lawyers to use a little common sense. Well, the way the INA has been interpreted, this gentleman failed to establish his eligibility for asylum. Those hypotheticals, arguably, he could have been granted withholding if he properly raised that claim to the board. But his claim to the board was simply, I am a refugee, which brings in the definition of 8 U.S.C. 1101-A42, which requires him to show that he's unable or unwilling. But, Counselor, doesn't an application for asylum automatically include an application for withholding as well? Yes, Your Honor. However, that does not excuse the petitioner from raising his arguments, exhausting his arguments to the board. The board denied withholding. Yes. The board ruled on it. Only on his argument. His argument was he merits withholding because he qualifies as a refugee. He does not qualify as a refugee. The two pages in petitioner's brief are not included in the administrative record, the arguments. Counsel, the definition of withholding is a little different than the definition for refugee. You don't have, there's no unable or unwilling component to the withholding. Exactly. That is why Mr. Lynn was required to exhaust that argument to the board, which he failed to do. There is nothing in his brief to the board which says I merit withholding because there's a presumption of past persecution. He does argue the presumption with respect to asylum and the definition of refugee. He failed to exhaust that argument with respect to withholding. So all the board did was address the claim that was presented to it. And it's substantial evidence, as indicated, supports the board's decision. If the court has no further questions. Thank you, counsel. Mr. Bottom. Yes, Your Honor. First of all, I would like to point out the presumption to a well-founded fear of persecution based upon the IJS finding of past persecution was presented to the BIA on page 7. That's Petitioner's brief to the BIA. What page is that in the excerpts of record? That's page 7, Your Honor. And the last four paragraphs, it says under the regulation, the finding of a past persecution gives rise to a presumption of a well-founded fear of persecution. So the BIA has never addressed the issue of presumption of a well-founded fear of persecution. Where is that in the excerpt? I'm sorry, Your Honor. That's page 12, page 7 of Respondent's Petitioner's brief to the BIA. The last paragraph. Yes, the last paragraph, Your Honor. Another issue I want to address is that the number of visits made by petitioners to China before 1995 should not have any bearing on the outcome of his asylum claim. The event that gave rise to Petitioner's claim of past persecution occurred in 1995. And ever since then, since Petitioner left China in 1995, he has never returned to China. So therefore, regardless of how many times he made his trip to China before the alleged past persecution occurred, it should not play a role in determining whether or not Petitioner has a well-founded fear of persecution in this case. So all you know, because Petitioner has shown that he's a victim of past persecution, he's entitled to a presumption of well-founded fear of persecution, and he's entitled to a presumption that he's eligible for asylum and withholding, and that presumption has not been rebutted. So therefore, Respondent is eligible for asylum and withholding. Thank you, Your Honor. Thank you, counsel. The case just argued is submitted for decision. We're going to take a five-minute recess so that the telecommunications facilities can be set up for our next case. This court is now recessed. Which one do you want? No. All right. I don't listen, but I get it. All right.
judges: Farris, Noonan, Rawlinson